IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL AGER,**  Plaintiff,

v.  Civil Action No. 3:21-cv-00228

**METROPOLITAN LIFE INSURANCE COMPANY,**  Defendant,
a New York corporation,
SERVE: CT Corporation System
Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

## COMPLAINT

Plaintiff, Michael Ager, by counsel, for his complaint against the defendant, Metropolitan Life Insurance Company, respectfully shows the Court and alleges as follows:

### Nature of the Case

1. This action arises under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §§ 1001 et seq.] ("ERISA") and more particularly § 502(a)(1)(B) and § 502( c) of said Act [29 U.S.C. § 1132(a)(1)(B), § 132(e) and (f)].

-1-

## Parties

2. (A) Plaintiff, Michael Ager ("Ager") is a citizen of the United States and a resident of the State of Virginia. Plaintiff was an "employee" of Comcast Corporation ("Comcast") for approximately 4 years within the meaning of 29 U.S.C. § 2611(2)(A) at all times when she was employed and receiving disability benefits.

3. Ager was a participant in the Comcast Life Long-Term Disability Plan within the meaning of 29 U.S.C. § 1002(7) of ERISA, while employed by Comcast. Said plan was administered by Metropolitan Life Insurance Company ("MetLife").

4. Defendant, MetLife, a New York corporation qualified to do business in Virginia, issued the long-term disability policy to its employees, which was effective at the time of Ager's disability. Defendant funds the disability plan which is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1) and (2)(A). The plan is administered by MetLife.

5. Said disability plan provided by Comcast to its employees is believed to be an employee benefit plan, owned, insured, and administered by defendant.

6. MetLife has a clear conflict of interest precluding differential review because MetLife administers its own disability plans and stands to gain from a monetary standpoint when it decides to uphold the denial of benefits to any plan participants.

7. The Comcast Long-Term Disability Plan provides that "disability" and "disabled" means that:

The Plan's definition of Disability states,

" Disabled or Disability mens that, due to Sickness or as direct result of accidental injury:

-2-

*You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
You are, during the Elimination Period and the next 12 months of Sickness or accidental Injury:
1. Unable to earn more than 80% of Your Predisability earnings at Your Own Occupation for any employer in Your Local Economy; and
2. Unable to perform each of the material duties of Your Own Occupation."

## Facts

8. Ager was formerly employed by Comcast as a DSR 2, Individual Direct Sales. The duties of this position involved a significant amount of travel and door-to-door sales.

9. Ager suffers from a variety of physical and mental ailments. He has been diagnosed with chronic gout, tophaceuos, hypertension, depression, anxiety and stress disorder

10. Ager ceased working on October 3, 2018, due to the increase in the frequency of his physical disabilities and mental illness.

11. Ager has remained disabled since that date.

12. Ager timely made application for disability benefits under the terms of the disability benefit plan and was granted short-term disability benefits until December 19, 2009, when his benefits were terminated by Anthem Life.

13. The defendant denied Ager's disability benefits claiming that he was able to return to gainful employment as stated in the long-term disability plan definition in paragraph 7. His denial was appealed on December 26, 2019.

14. Ager has been disabled from performing each duty of his normal occupation as of October 3, 2018, when he could not perform the duties of his regular occupation and remains disabled under the terms of the plan.

15. Ager subsequently appealed the termination of his disability benefits.

16. In his appeal Ager submitted additional medical information regarding his disability.

17. MetLife has consistently refused to reconsider its decision to terminate benefits in spite of the fact that Ager has presented to MetLife objective medical evidence supporting his disability.

18. The long-term disability benefits under the disability plan are due Ager. Ager has complied with all conditions in order to receive such disability benefits and has provided the plan with conclusive evidence and proof that he is and has been totally disabled since October 3, 2018.

19. Ager has exhausted all administrative remedies as provided by MetLife's claim procedure and ERISA.

20. MetLife, as Plan Administrator, failed to properly consider the complete medical evidence from his treating physicians and health care experts establishing his total and permanent disability within the meaning of the Plan and ERISA, or reconsider the claim after receipt of new evidence establishing his disability and has failed to provide for an impartial physical examination of plaintiff as required by the plan on the appeal of a denial of benefits.

21. The defendant MetLife has a clear conflict of interest in making decisions whether to grant disability benefits to plan beneficiaries because MetLife employees

make all decisions on behalf of their employer. For every claim that is denied, MetLife receives financial benefits because it does not pay funds from its financial assets if it denies claim payments.

## COUNT I

### Denial of Disability Benefits

22. The plaintiff realleges the allegations stated in paragraphs 1- 23 as if restated herein.

23. The decision of MetLife to deny disability benefits due under the terms of the long-term disability plan was in violation of the plan terms and were also arbitrary, capricious, not made in good faith, unsupported by substantial evidence, and in violation of ERISA because Ager has provided MetLife with overwhelming medical evidence and proof that he was and remains totally disabled within the meaning of the terms of the disability plan and is entitled to benefits under the terms of the plan.

## COUNT II

### Failure to Provide Full and Fair Hearing of Claim Denial

24. Ager realleges the allegations stated in paragraphs 1- 23 as if stated herein.

25. MetLife failed to provide Ager with the opportunity for a full and fair review of his claim in violation of ERISA, 29 U.S.C. § 1133 and has failed to consider the evidence provided by Ager in support of his claim for disability benefits and has refused to reconsider his claim in light of the objective medical evidence substantiates his disability.

26. As the direct and proximate result of the actions of MetLife, Ager has been denied disability benefits and has been caused to incur attorney's fees in an amount currently unknown to Ager.

27. As a direct and proximate result of above MetLife's actions Ager has lost benefits in an amount not known in full by Ager but upon belief and information such loss approximates the amount of benefits due under the terms of the disability plan for each month since the termination of his benefits and the loss will continue to sustain each month until the benefits are restored in full.

WHEREFORE, plaintiff requests relief after defendant as follows:

(A) An order for defendant to pay to plaintiff all disability benefits accrued and unpaid to the date of this judgment and prejudgment interest on the back due benefits;

(B) An order for defendant to designate the plaintiff as an eligible participant under the plan and to pay plaintiff a monthly disability benefit according to the provision of the plan as long as she has satisfied the requirements under the terms of the plan;

( C) In the alternative, to remand the claim to the plan administrator to reconsider this claim; and

(D) Plaintiff be awarded attorney's fees and costs of this action and such other relief as deemed appropriate.

MICHAEL AGER
By /s/ John B. Mann
Counsel

John B. Mann (VSB 09108)
Counsel for Michael Ager
John B. Mann, P.C.
4124 E. Parham Road
Henrico, VA 23228

(804) 673-6600 - Telephone
(804) 673-6604 - Facsimile
John@cwkllp.com